REQUESTED BY: Senator Vard R. Johnson, Chairman Administrative Rules Regulations Review Committee Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Johnson:
This letter is in response to your request for clarification concerning Neb.Rev.Stat. §§ 71-1901 to 71-1905 (Reissue 1976). Since your inquiry involves a question to be presented to the Administrative Rules and Regulations Review Committee, it concerns a legislative matter and is therefore a proper subject for an opinion from this office.
In regard to your first question, Neb.Rev.Stat. 71-1904
(Reissue 1976) authorizes the Department of Welfare to promulgate rules and regulations consistent with the child care statutes (Neb.Rev.Stat. § 71-1901 to 71-1905 (Reissue 1976)). Section 71-1904 specifically states that the department shall make such rules and regulations as it shall deem necessary for (1) the proper care of children by licensees, (2) the issuance, suspension, and revocation of child care licenses, and (3) the proper administration of said sections.
Under the authority set out above the department has established a list of exceptions to the requirements of licensure of board and care facilities in section 1454.02 of the Social Service Manual (SSM). Your inquiry concerns one such exception which states, `preschool programs that are educational only and do not feed or nap the children.' It is our opinion that the making of such an exception is pursuant to and within the confines of the statute for the reason that in § 71-1901(2) child care is defined as the business of exercising the care, supervision, custody or control over children under sixteen years of age, for compensation or hire, in lieu of the care or supervision normally exercised by parents in their own home. A preschool program which is educational only would not fall into the category of care that is normally exercised by parents in their home. Such preschool programs usually accept a child three to five years of age for approximately two to two and one-half hours a day. It is our opinion that in view of the nature of such preschool programs, the exception is reasonable and that the rule (SSM 1454.02(4)) properly expresses the legislative purpose.
In regard to your second question, it is necessary to again refer to Neb.Rev.Stat. § 71-1901(2) which defines child care in terms of parental substitution for compensation or hire as set out above. Therefore, if the employer is not receiving compensation or is not hiring out its services, such a child care arrangement between employer and employee would not fall within the confines of Neb.Rev.Stat. § 71-1901(2) and would not be subject to license requirements. The State Plan and Manual SSM 1454.02 states: `The following services are exempted from licensure but may voluntarily be licensed: . . . (2) Care that is provided without cash or any form of compensation; . . . (5) Child care which is provided while each child's parent(s) are on the premises.'
If we can be of any further assistance, please contact us.
Very truly yours, PAUL L. DOUGLAS Attorney General Royce N. Harper Assistant Attorney General